**In re KINGBROOK DEVELOPMENT CORPORATION, Debtor.**

No. 00–14487 B.

United States Bankruptcy Court, W.D. New York.

April 20, 2001.

Joseph G. Pelych, Hornell, NY, for debtor.

Lacy, Katzen, Ryen & Mittleman, LLP, David MacKnight, of counsel, Rochester, NY, for Kingbrook Funding LLC.

Christopher Reed, Buffalo, NY, Assistant U.S. Trustee.

CARL L. BUCKI, Bankruptcy Judge.

When it filed its petition for relief under Chapter 11 of the Bankruptcy Code, Kingbrook Development Corporation was a co-owner of 1,240 contiguous acres of land in Yorkshire, New York. In its application to extend the time to file schedules, the debtor represented to the court that "it was in the business" of developing "a four seasons recreational area in Western New York State." More than seven months have now transpired since the filing of the bankruptcy petition. To date, the debtor has failed to file a disclosure statement or to propose a plan of reorganization. Mean-

while, Kingbrook Funding, LLC, has aggressively taken steps to exercise its rights as the debtor's primary mortgagee. Kingbrook Funding obtained relief from the automatic stay, and has completed the foreclosure of its lien on the debtor's real property. Additionally, Kingbrook Funding has proposed a creditor's plan of reorganization. Faced with what might be analogized to a "full court press" in basketball, the debtor has moved to dismiss its bankruptcy petition.

The debtor contends that because the foreclosure of its real estate has now been completed, the primary remaining asset of the bankruptcy estate is a claim against the mortgagee under a theory of lender liability. Noting that no other creditor has responded to the present motion to dismiss, the debtor asserts that its bankruptcy proceeding has essentially become a two-party dispute between Kingbrook Development and Kingbrook Funding. The debtor argues that this dispute is better resolved in state court and that accordingly, the bankruptcy proceeding should be dismissed. Kingbrook Funding objects. It contends that it has yet to receive an adequate explanation of the debtor's use of cash collateral, that the debtor effected transfers that are potentially avoidable, and that a dismissal at this time might preclude the resolution of rights relative to either any misuse of cash collateral or a recovery of avoidable transfers for the benefit of unsecured creditors.

■■■■ Section 1112 of the Bankruptcy Code generally allows a debtor in Chapter 11 to convert its case into a proceeding in Chapter 7. Unlike the provisions of section 1307 relative to proceedings in Chapter 13, however, a Chapter 11 debtor does not enjoy any absolute right to a dismissal of its bankruptcy. Rather, this court may dismiss a Chapter 11 case only on motion and upon a showing of good cause.

■■ The debtor is simply without justification for its argument that this case has become a two-party dispute. While Kingbrook Development and Kingbrook Funding may be the only two parties who have appeared to express an interest in this matter, all creditors continue to have an interest in the outcome. To the extent that the debtor possesses a valid claim for lender liability, that claim should properly inure to the benefit of all creditors. Similarly, all creditors are entitled to the benefit of any avoidance actions.

The Bankruptcy Code aims to achieve a proper balance between the respective rights of creditors and of debtors. In filing its voluntary petition for relief, the debtor obtained the protections of Chapter 11, but on condition of its acceptance of the restrictions and limitations of the bankruptcy process. Among the goals of the bankruptcy process is maximization of distribution to creditors. In working to achieve this goal, the debtor is a trustee for the benefit of all creditors. The debtor's performance as a trustee is further subject to circumspection: by creditors, by the Office of the United States Trustee, and by the court.

A dismissal of the bankruptcy case at this time would remove the various protections that the bankruptcy process has ordained for the benefit of creditors. For example, in bankruptcy, the claim of lender liability may be administered either through a plan (whether that plan is proposed by a creditor or by the debtor) or by a trustee (whether appointed or as a debtor in possession with the duties of a trustee under 11 U.S.C. § 1107). In each instance, this court retains authority to approve the asset's ultimate disposition. In contrast, a dismissal will have the effect of returning to the debtor any claim of lender liability, but with none of the bankruptcy safeguards to assure that its value will

inure to the benefit of creditors. Similarly, a dismissal may effectively eliminate any cause of action to avoid the transfer of assets. Absent either the affirmative consent of all creditors to a dismissal or proof of full repayment of unsecured claims, this court is disinclined to deprive creditors of the bankruptcy protections and rights to which they are now entitled.

For the reasons stated above, the debtor's motion to dismiss its bankruptcy petition is denied.

So ordered.